**Emanuel Ayala MATIAS,
Petitioner-Appellant,**

v.

**Masaru OSHIRO and Tany S. Hong,
Respondents-Appellees.**

**Nos. 81–4452, 81–4479.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 22, 1982.

Decided Aug. 3, 1982.

As Amended Sept. 27, 1982.

Addison M. Bowman, Honolulu, Hawaii, for petitioner-appellant.

James H. Dannenberg, Honolulu, Hawaii, for respondents-appellees.

Before SCHROEDER, NELSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

In this appeal, we review a district court's dismissal of a petition for a writ of habeas corpus. The issues are whether Matias had presented the ineffective assistance of counsel claim urged in the federal habeas petition to the state courts, whether the

district court could interpret state statutes to conclude that there were no remaining state remedies, and whether the district court should have ruled on Matias' contested contention that there was cause for, and prejudice from, his failure to present all his claims in his earlier state court proceeding.

Matias, a Hawaii prisoner, sought habeas relief in federal district court. Matias had been charged with four counts of forcible rape and one count of statutory rape. His first trial on the forcible rape charges resulted in a hung jury. His second trial resulted in convictions on two counts of forcible rape and on the statutory rape count. In his federal habeas petition, Matias alleged ineffective assistance of his counsel at the second trial, error by the state trial court in not ordering severance of multiple rape counts, and error in admitting evidence of his alleged connections with organized crime in Hawaii. Matias had previously made these claims in a state post-conviction proceeding, but his federal habeas petition added eight new grounds to his assertion that counsel at the second trial rendered ineffective assistance. The district court held that the ineffective assistance claim had not been exhausted in the state courts as to the new grounds and dismissed the petition as to the ineffective assistance claim based on those new grounds. On the other claims, the district court denied the petition on the merits.

Because the parties have not argued for reversal as to the claims for which the petition was denied on the merits, that denial is not properly before us. As to the new ineffective assistance of counsel claim, we reverse and remand for the district court to determine whether there was cause for and prejudice from the failure to raise it in state court.

### Presentation to the State Courts

The district court correctly found that the substance of Matias' ineffective assistance claim had not been presented to the Hawaii courts. The factual basis for the ineffective assistance claim made in federal court was much broader than the basis for

the ineffective assistance claim made earlier in state court.[1] In such circumstances, we have held that the claim has not been fairly presented to the state courts. *Daniels v. Nelson*, 453 F.2d 340, 342 (9th Cir. 1972). *See also Domaingue v. Butterworth*, 641 F.2d 8, 12–13 (1st Cir. 1981).

### Lack of Further State Remedies

The district judge also properly concluded that there were no further state remedies available to Matias. Matias sought and was denied post-conviction relief in the Hawaii courts. Under Hawaii Rule of Penal Procedure 40(a)(3), successive post-conviction proceedings are only allowed if: (1) the issues could not have been raised in the prior proceeding, (2) the petitioner's failure to raise them was not "knowing and understanding," or (3) the petitioner is able to "prove the existence of extraordinary circumstances to justify his failure to raise the issue."[2] Haw.R.Penal P. 40(a)(3).

■ The history of Rule 40 makes it plain that it bars "piecemeal" raising of issues in successive post-conviction petitions. Committee for Penal Rules Revision, *Proposed Hawaii Rules of Penal Procedure*, at 207–08 (1975). Hawaii concedes that "the viability of a new Rule 40 petition [is] unlikely." Nonetheless, Hawaii argues that Matias' new ineffective assistance claim was not exhausted because the Hawaii courts have not yet ruled on the availability of successive post-conviction proceedings.

■ The Eighth Circuit has held that state remedies will not be considered exhausted unless there is some indication in the record that further state proceedings are unavailable. *Lindner v. Wyrick*, 644 F.2d 724, 727 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981). Even that circuit, however, has said that "federal courts should defer action only if there is some reasonable probability that [state] relief . . . will actually be available. . . ." *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir. 1981). We do not think that the important federal-state comity concerns in federal habeas corpus proceedings were disturbed by the district court's interpretation of Hawaii's Rule 40. The language of the Hawaii Rule is clear, and Hawaii has not pointed to any evidence in the record or to any other reason to believe that Matias has access to additional state proceedings. A federal habeas petitioner need not pursue speculative or purely conjectural state remedies. *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971) (per curiam) (state case law failed to indicate any available procedure to have claims heard); *Powell v. Wyrick*, 657 F.2d

---

1. In the state court habeas proceeding, Matias made an ineffective assistance of counsel claim based on the failure of his counsel at the second trial to move for severance of the statutory rape count and to object to evidence in four specific instances. The ineffective assistance allegation in the federal habeas petition was based on these and eight new grounds of ineffective assistance: (1) trial counsel's general conduct of the trial; (2) failure to move for judgment of acquittal on the forcible rape counts; (3) failure to question effectively; (4) failure to impeach the witnesses; (5) failure to make a motion *in limine* to exclude certain prejudicial testimony; (6) inept questioning that emphasized points damaging to the defense; (7) failure to object to damaging testimony until after it had been heard by the jury; (8) use of phrases in the closing argument that required the judge to interrupt and correct her. The first seven of these grounds stemmed from Matias' second trial counsel's alleged failure to make proper use of the transcript of the first trial. He now contends that the failure of his counsel in the Hawaii post-conviction proceed-

ing to raise these seven grounds was caused by a similar failure to become familiar with the transcript of the first trial.

2. Hawaii Rule of Penal Procedure 40(a) states in relevant part:

> (3) *Inapplicability*. Said [post-conviction] proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

at 224. *Cf. Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981) (petitioner need not exhaust state remedies which would clearly be futile). The district court properly found that Rule 40 precluded the availability of any state proceeding to raise the new ineffective assistance claim.

### Cause and Prejudice

The district court determined that the ineffective assistance claim had not been previously brought in state court and could not be pursued by any presently available state remedy. At that point it should have made findings on the contested issue of whether Matias' failure to raise the claim in his earlier state court Rule 40 proceeding should be excused under the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 2507-08, 53 L.Ed.2d 594 (1977).[3]

Although the district court said that Matias had "failed to exhaust" his state remedies, it did not discuss whether there was cause for Matias' failure to raise his new ineffective assistance claim in the state Rule 40 proceeding, and it made no finding that Matias was unprejudiced by his trial counsel's alleged ineffective assistance.

It is not clear what the district court meant by its finding of failure to exhaust state remedies, since it also found that there were no state remedies still open to Matias. The conclusion of "failure to exhaust" may, as Hawaii suggests, have been an inexact expression of a conclusion that there was no cause excusing the failure to raise the new ineffective assistance claim in the earlier state proceedings. The cause and prejudice inquiry, however, is not part of exhaustion of remedies but instead is a related but separate question. Exhaustion of remedies refers to remedies available when the federal habeas petition is filed while the cause and prejudice standard is relevant to the related question of waiver of an issue by failure to raise it while state remedies were available. *Engle v. Isaac*, 102 S.Ct. at 1570. Because there were no Hawaii remedies still open to Matias, his remedies were "exhausted."[4] The question remaining was whether his failure to use the remedies previously available was excused.

Rather than speculate on what the district court had in mind when it concluded that the ineffective assistance claim was "unexhausted," we remand for the district court to make findings on whether Matias' state procedural default may be excused. Matias must show both cause for his failure to raise the new claim in the earlier Hawaii Rule 40 proceeding and actual prejudice from his failure to do so. If either of these elements is lacking, the district court may again dismiss the petition.

REVERSED and REMANDED.

---

3. Although Matias' brief included a thoughtful argument as to why the applicable standard should be "deliberate bypass," *Fay v. Noia*, 372 U.S. 391, 438 40, 83 S.Ct. 822, 848 49, 9 L.Ed.2d 837 (1963), rather than cause and prejudice, the Supreme Court has recently reaffirmed that cause and prejudice is the general standard governing failure to raise particular issues in state proceedings. *See Engle v. Isaac*, U.S. ·· , 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). We are unpersuaded by Matias' arguments that the factors underlying the cause and prejudice test do not compel its application to procedural waivers in state postconviction proceedings or to situations where a default may be attributable to counsel's inadvertence. The two decisions of our court which might arguably have supported Matias' arguments have recently been vacated and remanded by the Supreme Court for further con-

sideration in light of *Engle v. Isaac* and *United States v. Frady*, ·· U.S. · , 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See Myers v. Washington*, 646 F.2d 355 (9th Cir. 1981) *vacated and remanded* ···U.S. ··· , 102 S.Ct. 1964, 72 L.Ed.2d 436 (1982); *Gibson v. Spalding*, 665 F.2d 863 (9th Cir.) *vacated and remanded sub nom. Washington v. Gibson*, · ·U.S. ···, 102 S.Ct. 2229, 72 L.Ed.2d 842 (1982).

4. For this reason, Matias' petition does not present issues under the "total exhaustion" rule of *Rose v. Lundy*, ·· ·· U.S. ··· , 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). That rule requires dismissal of a federal habeas petition where an avenue remains to raise some of the claims in state court. There is no remaining avenue for presentation of Matias' new ineffective assistance claim in the state courts.