Louis J. ALEXANDER, Petitioner,

v.

Henry RISLEY, Warden, Respondent.

No. CV–85–176–M–CCL.

United States District Court,
D. Montana,
Missoula Division.

Sept. 25, 1986.

**310**

Louis J. Alexander, pro se.

Kimberly A. Kradolfer, Asst. Atty. Gen., Dept. of Justice, Helena, Mont., for respondent.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The petition alleges that petitioner's guilty pleas to aggravated assault and attempt to escape on August 23, 1977, were involuntary because he was under the influence of drugs at the time the pleas were tendered. Petitioner further claims that his waiver of right to be present at the time of imposition of sentence was also involuntary for the same reason.

The cause is before the Court upon the findings and recommendation of the United States Magistrate, to which the respondent objects. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 400–4, the Court will conduct a de novo review of those portions of the findings to which exception is taken.

## BACKGROUND

Petitioner Louis J. Alexander was charged by Information in Lake County, Montana, with Aggravated Assault, a felony, arising out of a knifing incident on December 5, 1976, involving Alexander and his brother. Alexander was subsequently charged with Attempt to Escape, also a felony, arising out of his attempted escape from official detention on January 13, 1977. During all proceedings before the state district court, he was represented by counsel.

On August 23, 1977, Alexander appeared before the Hon. E. Gardner Brownlee, with counsel, and notified the court that he wished to enter a plea of guilty to the charges above described. After questioning by defense counsel, the court accepted Alexander's pleas as voluntary and took testimony from both sides relative to the sentence to be imposed. At that time, the court ordered a presentence investigation report and stated that, absent objection, it would impose judgment and sentence in writing rather than in open court. Defense counsel indicated that there was no objection to the procedure suggested, and that the defendant's request was "that the matter be disposed of as expeditiously as possible." (Transcript of Proceedings at p. 62.)

Alexander was sentenced by written order of the court dated September 7, 1977, to concurrent terms of 25 years on each count. On February 2, 1981, Alexander filed a petition for post-conviction relief with the Montana Supreme Court pursuant to section 46–21–101, Mont.Code Ann. Alexander alleged therein that his conviction was unlawful because he was not present in the courtroom during sentencing, and that his plea was coerced because he was told he would receive a 100–year prison term if he went to trial.

On April 2, 1981, the state Supreme Court denied Alexander's petition, ruling that the record supported a finding of voluntariness of the plea and that his absence from the imposition of sentence had no effect thereon.

Alexander filed a petition for writ of habeas corpus with the Supreme Court of Montana on July 3, 1985, alleging two grounds for relief. First, Alexander claimed that his pleas were involuntary because he was under the influence of valium and thus lacked an understanding of the nature of the charges or the consequences of his pleas. Second, Alexander alleged that his waiver of right to be present for

sentencing was involuntary, and also given under the influence of valium. The petition was denied on August 22, 1985, because the claims were substantially identical to those raised in his first petition and because Alexander did not comply with state procedural requirements.

Pursuant to section 46–21–105, Mont. Code Ann., inmates seeking post-conviction relief must raise all grounds for relief in the original petition. Any grounds not originally raised are waived unless a subsequent petition states grounds for relief which could not reasonably have been raised in the original petition. *Id.* The Supreme Court of Montana dismissed Alexander's second post-conviction petition because the claims raised therein had not been raised in the original petition filed some four years earlier.

Alexander thereafter filed his habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254.

The United States Magistrate, after considering the procedural difficulties of the case, found that petitioner had established sufficient cause for failing to raise all of his claims in his original petition to the Montana court, and prejudice resulting therefrom, to sustain review of the habeas corpus petition. On that basis, the Magistrate recommends that respondent's motion to dismiss be denied and that respondent be ordered to file an amended answer addressing the merits of Alexander's petition.

Respondent filed written objections to the Magistrate's findings and urges the Court to grant his motion to dismiss.

## DISCUSSION

Title 28, United States Code, provides in pertinent part that a writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). A person held in custody pursuant to the judgment of a state court may not be awarded federal habeas corpus relief unless he has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b).

■ This case concerns a procedural issue involving the circumstances under which an adequate and independent state ground will bar consideration of otherwise cognizable federal issues on federal habeas review. *See Wainwright v. Sykes,* 433 U.S. 72, 78–79, 97 S.Ct. 2497, 2502, 53 L.Ed.2d 594 (1977). In order to proceed to the merits of the petition, the court must determine (1) that petitioner's federal habeas claims have not fairly been presented to the state courts on the merits; (2) that further state remedies are not available; and (3) that there was cause for petitioner's failure to raise the claim in the state proceeding and prejudice resulting therefrom. *See generally Matias v. Oshiro,* 683 F.2d 318 (9th Cir.1982).

From the record it is clear that the claims raised by petitioner herein have not fairly been presented to the courts of the State of Montana. Although the Supreme Court stated in its order of August 22, 1985, that petitioner's claims were substantially identical to those raised in 1981, the precise issue of the influence of valium, if any, was never considered by a state court. It is equally clear that further state remedies are not available; Montana's procedural post-conviction statute will serve as a bar to any further petitions by Alexander seeking relief from his sentence.

■ Therefore, the court must examine the "cause and prejudice" requirements established in *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), and developed in *Wainwright v. Sykes, supra.* To explain the nature of these requirements, it is important to point out that ordinarily, a federal habeas petitioner who claims he is detained pursuant to a final judgment of a state court in violation of the United States Constitution is entitled to have the federal habeas court make its own independent determination on the merits of that claim reached in the state proceedings. *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Where, however, contentions of federal law have not been resolved on the merits in the

state proceeding due to the petitioner's failure to raise them as required by state procedure, such contentions are barred in a subsequent federal habeas proceeding unless the petitioner can show "cause" for failure to raise them and "prejudice" resulting from the errors of which he complains. *Wainwright, supra,* 433 U.S. at 87, 97 S.Ct. at 2506–07; *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Leiterman v. Rushen,* 704 F.2d 442, 444 (9th Cir.1983). Petitioner has the burden of showing cause for his state procedural default. *Gibson v. Spalding,* 665 F.2d 863, 866 (9th Cir.1981).

In this case, the Magistrate ordered petitioner to submit an affidavit setting forth the reasons for his failure to raise in his first petition the claims asserted in the second petition. Petitioner's affidavit states that he was placed on medication when he entered the Montana State Prison, that his first petition for post-conviction relief was prepared by another inmate who failed to inform him of the procedural mandates of section 46–21–105, Mont.Code Ann., and that he should not be held to the same standards as a practicing attorney. The Magistrate found this to be sufficient cause for petitioner's failure originally to raise the claims and further found that petitioner was thereby prejudiced.

The United States Supreme Court has invoked the "cause and prejudice" standard on a number of occasions but has never specifically defined the outer limits of what constitutes "cause." The Court recently made clear that the same test of cause and prejudice applies whether the procedural default occurred at trial or on appeal. *Murray v. Carrier,* 477 U.S. ——, ——, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397, 410 (1986).

Generally speaking, the Court has applied a narrow standard for determining cause. In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court held that cause was not established where the constitutional challenge to certain jury instructions had not been raised at the time of trial, even though the habeas petitioners claimed that such a challenge would have

been futile given the posture of state law. Without deciding "whether the novelty of a constitutional claim ever establishes cause for a failure to object," *Id.* at 131, 102 S.Ct. at 1573, the Court rejected petitioners' contention because it could not conclude that the legal basis for framing the constitutional challenge was unavailable at the time the petitioners had been tried. *Id.* at 131–34, 102 S.Ct. at 1573–75; *cf. Myers v. Washington,* 702 F.2d 766 (9th Cir.1983) (cause shown where substantive change in law could not have been foreseen), *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (failure of counsel to raise a constitutional issue reasonably unknown to him satisfies requirement of cause).

On June 26, 1986, the Supreme Court again confronted the "cause"-and-"prejudice" standard in two distinct cases, *Murray v. Carrier, supra,* and *Smith v. Murray,* 477 U.S. ——, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The Court held in *Murray v. Carrier* that the inadvertent failure of counsel, whether by oversight or by ignorance, to raise a particular claim on appeal, does not constitute cause for a procedural default. *Id.,* 477 U.S. at ——, 106 S.Ct. at 2644, 91 L.Ed.2d at 407. The court stated that, rather than focusing on whether counsel erred or on the kind of error counsel may have made,

we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

*Id.* at ——, 106 S.Ct. at 2645, 91 L.Ed.2d at 408. The Court further noted the importance of applying the same standard for cause whether the procedural default occurred at trial or on appeal. "Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and 'undercut[s] the State's ability to enforce its procedural rules.'" *Id.* at ——, 106 S.Ct. at 2647, 91 L.Ed.2d at 410.

Relying upon its decisions in *Murray v. Carrier,* and *Engle v. Isaac,* the court held

in *Smith v. Murray* that a calculated or tactical decision by counsel not to raise certain claims on appeal does not constitute cause where the legal basis of the claims raised in the federal habeas petition was available at the time of the direct appeal. *Smith v. Murray, supra,* 477 U.S. at ——, 106 S.Ct. at 2667, 91 L.Ed.2d at 446.

In both *Carrier* and *Smith,* the Court held that even if the "cause"-and-"prejudice" standard is not met, the federal habeas court must undertake an independent inquiry to determine whether the petitioner is the victim of a fundamentally unjust incarceration." *Murray v. Carrier,* 477 U.S. at ——, 106 S.Ct. at 2650, 91 L.Ed.2d at 413. Thus,

> where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

*Id.* at ——, 106 S.Ct. at 2650, 91 L.Ed.2d at 413. The court refused, however, to adopt "an amorphous 'fundamental fairness' inquiry" as suggested by the concurring opinion of Justice Stevens in *Smith v. Murray.* Rather, the Court reaffirmed the "serious burden of justification" attending habeas jurisdiction, and held that "[w]hen the alleged error is unrelated to innocence, and when the defendant was represented by competent counsel, had a full and fair opportunity to press his claim in the state system, and yet failed to do so in violation of a legitimate rule of procedure, that burden has not been carried." *Smith v. Murray,* 477 U.S. at ——, 106 S.Ct. at 2668, 91 L.Ed.2d at 447.

■ In this case, although petitioner was not represented by counsel in either of his post-conviction proceedings before the Montana Supreme Court, this Court is unable from a review of the entire record to find sufficient cause for petitioner's failure to comply with the state's rules of procedure. Petitioner alleges that he was unaware of the requirement contained in section 46–21–105, Mont.Code Ann., because another inmate assisted in the preparation of the petition and failed to advise him of the rule. The Court's reading of the Supreme Court precedent in this area, however, supports a conclusion that petitioner's ignorance of the procedural rule itself does not constitute "cause." In his original proceeding before the Montana Supreme Court, petitioner used the state's model form for motions seeking post-conviction relief. Twice in the printed form appears a statement that all grounds for relief must be asserted in the original petition. The preliminary instructions, which the petitioner is instructed to "read carefully," contain the following statement:

> Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

Additionally, a further instruction is contained under item #12 on the printed form which instructs the petitioner to state his grounds for relief. Included within that instruction is the following language:

> Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

Petitioner signed his original motion under penalty of perjury.

Had petitioner been represented by counsel during his post-trial proceedings, he surely would be unable to show "cause" for failure to abide by the state procedural rules regarding post-conviction relief. *Murray v. Carrier, supra.* The fact that petitioner was not represented by counsel does not absolve him of his obligation to proceed in accordance with the law and to read the forms he signs and presents to the state's highest court. Other inmates may be of assistance in preparing court documents, but this Court is not prepared to allow prisoners to place the responsibility for their failure to comply with the rules upon an untrained fellow inmate, especially where the rules of procedure are spelled out clearly on the printed form.

■ Petitioner also claims that he was taking valium at the time his original peti-

314

tion was filed, and thus did not understand what he was doing. This contention is unsupported by the record. An affidavit submitted by Beverly Beck, the individual in charge of medical records at the prison, indicates that petitioner was prescribed no valium during any of the time in question, and was on no medication at the time his original petition was filed.[1]

■ Even if the Court were to find that petitioner had established cause for his procedural default, the "cause"-and-"prejudice" test is in the conjunctive. The Supreme Court has made clear "that *both* cause and prejudice must be shown, at least in a habeas corpus proceeding challenging a state court conviction." *Murray v. Carrier, supra,* 477 U.S. at ——, 106 S.Ct. at 2649, 91 L.Ed.2d at 412–13 (emphasis in original). In this context, "prejudice" means *actual* prejudice, resulting in substantial disadvantage to the petitioner, "infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady, supra,* 456 U.S. at 170, 102 S.Ct. at 1595 *Murray v. Carrier, supra.* The Ninth Circuit Court of Appeals has refused to find prejudice where the illegality alleged "was external to and had no causal connection with either the evidence used to convict or the decision to prosecute." *Leiterman v. Rushen,* 704 F.2d 442, 444 (9th Cir.1983).

Based upon a review of the record, including the transcript of the petitioner's plea of guilty, the Court finds no prejudice to warrant consideration of the habeas petition filed herein. Prior to the entry of Mr. Alexander's plea, the following exchange occurred between Alexander and his counsel:

MR. MacDONALD: Your Honor, I would like to further establish in the record, if I could. Louie, do you feel at this time that you are capable of understanding exactly what is transpiring in court this morning?

MR. ALEXANDER: Yes.

MR. MacDONALD: Are you under the influence of any drug at this time?

MR. ALEXANDER: No.

Q You are fully aware and you have discussed with me the fact that the court has the ability to sentence you to the Montana State Prison for a period up to one hundred years if you plead to any of these two felonies?

MR. ALEXANDER: Yes.

MR. MacDONALD: You understand that I and some people on your behalf will make some recommendation for you to the court with regard to your sentence, but understand that no promise has been made by the judge as to his disposition of your case; is that correct?

MR. ALEXANDER: I understand.

Transcript of Proceedings at p. 5–6.

Thereafter, petitioner was questioned extensively with respect to the sentence he should receive and whether the court could expect him to be rehabilitated. Alexander's testimony was coherent and lucid, and shows a clear memory and understanding of the possible consequences of his actions. (Tr. at 33–48.) Alexander accepted full responsibility for his actions and stated his willingness to accept whatever he had coming. *Id.*

The record shows that petitioner's plea was intelligently and voluntarily given. The state district judge found the plea to be voluntary (Tr. at 7), and this finding is entitled to considerable deference by this Court. 28 U.S.C. § 2254(d); *Miller v. Fenton,* 474 U.S. ——, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).[2] Therefore, the Court

1. In response, petitioner claims he was taking valium at the prison "illegally" and not under a prison prescription. However, there is no indication that petitioner's capacities were diminished, and the fact that he was voluntarily and illegally ingesting nonprescribed medication, if true, is no reason for this Court to find cause for his procedural default. *See United States v. Hudgens,* 798 F.2d 1234 (9th Cir.1986).

2. *See also Johns v. Estelle,* No. 84–6341 (9th Cir. August 22, 1986), for the principle that the voluntariness of a confession is a legal question meriting independent review in a habeas corpus proceeding, but subsidiary factual questions are entitled to the presumption of correctness established by 28 U.S.C. § 2254(d) for state findings of fact.

concludes that petitioner was not prejudiced by the errors of which he complains. *Cf. Dorman v. Wainwright,* 798 F.2d 1358 (11th Cir.1986).

Finally, the Court turns to the question of whether this is an "appropriate case" for the concepts of cause and prejudice to "yield to the imperative of correcting a fundamentally unjust incarceration." *Engle, supra,* 456 U.S. at 135, 102 S.Ct. at 1576; *Murray v. Carrier, supra,* 477 U.S. at ——, 106 S.Ct. at 2650, 91 L.Ed.2d at 413. Again, from the record it is clear that this case does not involve the circumstances contemplated by the Supreme Court in providing a writ of habeas corpus for "one who is actually innocent." *Murray* at ——, 106 S.Ct. at 2650, 91 L.Ed.2d at 413.

Having found neither cause for, nor prejudice resulting from petitioner's procedural default at the state level, and finding no fundamental unfairness, the Court rejects the findings and recommendation of the United States Magistrate, and

HEREBY ORDERS that respondent's motion to dismiss is GRANTED and the petition for habeas corpus is DISMISSED.