999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrel M. EMRA, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-35092.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1993.
Decided July 21, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges; LEGGE, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. His petition asserted two grounds for relief: 1) the state trial court erred when it instructed the jurors to consider lesser included offenses only if they were unable to agree on the greater offense charged; and 2) ineffective assistance of counsel--specifically, failure to object to the allegedly erroneous jury instruction, and failure to object that the verdict was not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's dismissal of the petition.
 
 I.
 
 4
 Appellant Darrel Emra confessed to Oregon police that he had strangled his wife. He was tried and convicted of murder, and sentenced to life in prison.
 
 
 5
 At his trial, petitioner presented a defense of extreme emotional disturbance, which could have reduced the charge of murder to one of manslaughter in the first degree. The trial court's instructions to the jury encompassed lesser included offenses, including manslaughter in the first degree, manslaughter in the second degree, and negligent homicide. The judge told the jurors that they could consider lesser included offenses only if they failed to agree on the charge of murder. Petitioner's trial counsel did not object to these instructions. The judge also instructed the jurors that they could arrive at a manslaughter verdict in two ways: 1) if the prosecutor proved the elements of murder beyond a reasonable doubt, but petitioner proved his affirmative defense of extreme emotional disturbance by a preponderance of the evidence; or 2) if the prosecutor proved the elements of manslaughter in the first degree beyond a reasonable doubt.
 
 
 6
 The jury returned a verdict of guilty of murder. Petitioner's counsel did not object that there was insufficient evidence to support the verdict of murder rather than manslaughter.
 
 
 7
 Petitioner appealed his murder conviction, challenging the trial court's denial of a pretrial suppression motion. His conviction was affirmed by the Oregon Court of Appeals, and the Oregon Supreme Court denied review.
 
 
 8
 In 1989, petitioner sought state post-conviction review. He alleged, inter alia, that "the trial court improperly instructed the jury that they had to decide whether Petitioner was guilty of Murder before considering any lesser included offense of Manslaughter," and that his trial counsel's failure to object to this allegedly erroneous jury instruction constituted ineffective assistance of counsel. Petitioner did not raise the issue of his trial counsel's failure to object to the sufficiency of the evidence.
 
 
 9
 The state trial court denied relief, and the Oregon Court of Appeals affirmed without an opinion. The Oregon Supreme Court denied review.
 
 II.
 
 10
 We review the district court's denial of a habeas corpus petition de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Absent special circumstances, factual findings by the state court are presumed to be correct. 28 U.S.C. § 2254(d).
 
 
 11
 State prisoners seeking federal habeas corpus review must first exhaust available state remedies. 28 U.S.C. § 2254(b). In his state court post-conviction petition, petitioner claimed that the lesser included offense instruction was erroneous, but cited only to state law cases. However, he claimed that the challenged instructions had a "coercive effect" and "denied petitioner his right to a fair trial." These general allegations were sufficient to put the state court on notice that petitioner was alleging violations of his federal rights to due process and a fair trial. Petitioner has exhausted his state court remedies regarding his claim that the instruction was erroneous.
 
 
 12
 In his state court post-conviction proceedings, petitioner claimed that he had been denied effective assistance of counsel, and he specifically complained that his trial counsel had failed to object to the challenged jury instruction. That claim has been exhausted and is properly before this court.
 
 
 13
 However, petitioner did not contend in his state court proceedings that his trial counsel was ineffective because he failed to object to the sufficiency of the evidence. The general allegation of "ineffective assistance of counsel" does not give a state court a fair opportunity to rule upon the substance of this specific federal constitutional issue. See Matias v. Oshiro, 683 F.2d 318, 320 (9th Cir.1982) (state and federal ineffective assistance claims must be based on same factual allegations). Under Oregon state law all claims not brought in the first state habeas petition are waived unless those claims "could not reasonably have been raised in the original or amended petition." O.R.S. § 138.560(3). Petitioner has not attempted to justify his omission of that claim in his state habeas petition. It therefore may not be considered by this federal court. Matias, 683 F.2d at 321 (9th Cir.1982).
 
 III.
 
 14
 Petitioner argues that the following jury instruction on lesser included offenses denied him a fair trial and due process by "invading the province of the jury:"
 
 
 15
 When you deliberate, you should first consider the charged offense--that is, Murder. And, if you cannot agree upon a verdict of, on the charged offense, you may then consider the lesser included offenses. And those should be considered in the order in which I indicated--that is, Manslaughter in the First Degree, Manslaughter in the Second Degree, and Criminally Negligent Homicide.
 
 
 16
 This is known as an "unable to agree" form of instruction. This court has previously held that, if a defendant timely objects to an "acquittal first" instruction, the jury must be given just such an "unable to agree" instruction. United States v. Jackson, 726 F.2d 1466, 1469-70 (9th Cir.1984). Emra has cited no cases, nor could we find any, holding that an "unable to agree" instruction is unconstitutional. Petitioner's argument that the jury must have total discretion to decide which charge to consider first is without merit.
 
 
 17
 Petitioner also argues that the "unable to agree" instruction was erroneous in his particular case, because it might have misled the jury into believing that they could not consider his affirmative defense of extreme emotional disturbance once they had agreed on a verdict of murder. However, the instructions clearly stated that there were two separate ways for the jury to arrive at a manslaughter, rather than a murder, verdict. One was if the jury agreed that petitioner established extreme emotional disturbance by a preponderance of the evidence. The challenged instruction was not misleading in that context; there is no danger that the jury believed that they were forbidden from considering petitioner's affirmative defense.
 
 
 18
 Trial counsel's failure to object to this correct jury instruction did not constitute ineffective assistance of counsel.
 
 
 19
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3