21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Raymond DOLAN, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 93-35379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided March 29, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl Raymond Dolan appeals the denial of his petition for habeas corpus relief under 28 U.S.C. Sec. 2254.
 
 
 3
 A. Dolan first argues he was denied due process when the trial judge failed to recuse himself because his former law partner had represented the victim many years earlier. However, Dolan waived his right to recusal under Oregon law. See Or.Rev.Stat. Sec. 14.210(2). Dolan was three times made aware--twice by counsel and once by the judge himself--of the judge's connection to the victim and of his right to ask for a new judge.[1] Appellee's Brief at 4 (citing Ex. 109, pp. 2-3; Ex. 114, App. 8). Yet, he chose not to exercise his right and knowingly signed an Acceptance of Judge form.
 
 
 4
 B. Dolan next contends he didn't knowingly, voluntarily and intelligently waive his right to a jury trial, see Brady v. United States, 397 U.S. 742, 748 (1970), because the prosecutor coerced him by threatening to pursue the death penalty. But the prosecutor in fact could have charged Dolan with aggravated murder--a crime which can carry the death penalty, Or.Rev.Stat. Sec. 163.105(1)(a). That Dolan waived his right in order to avoid a possible death penalty does not demonstrate coercion within the meaning of the Fifth Amendment. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 5
 Dolan also complains his waiver was involuntary because he was misadvised about the penalty phase of a capital trial. In fact, he was told the correct capital jury instruction when he was tried in 1986--before the Oregon Supreme Court held that a fourth mitigating evidence question was constitutionally required, State v. Wagner, 786 P.2d 93, 99 (Or.1990). The judge's failure to inform Dolan of the unanimity requirement also did not violate the Constitution. See United States v. Cochran, 770 F.2d 850, 851 (1985).[2]
 
 
 6
 C. Finally, Dolan makes several arguments why he received ineffective assistance of counsel. He defaulted procedurally on two, failing to allege in his state post-conviction petition that his counsel knew or should have known that he was heavily sedated when he signed the waiver documents or that his attorneys were ipso facto ineffective because they had no prior murder trial experience. See Matias v. Oshiro, 683 F.2d 318, 320-21 (9th Cir.1982). His other arguments don't demonstrate the seriously deficient performance and prejudice necessary to prove ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Quite the contrary: The post-conviction state court found that Dolan's attorney fully explained the implications of accepting the trial judge and waiving the jury, ER 89, and we defer to these findings of fact. Sumner v. Mata, 455 U.S. 591, 592 (1982); 28 U.S.C. Sec. 2254(d).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Indeed, Dolan had already removed an earlier judge. Appellee's Brief at 16 (quoting Ex. 109, pp. 2-4)
 
 
 [2]
 The district court properly declined to consider Dolan's claim that prescription drugs impaired his ability to understand the written jury waivers because it was not adequately raised in state post-conviction proceedings. See Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991). Under Or.Rev.Stat. Sec. 138.550(3), raising the claim orally was insufficient and Dolan never amended his petition