Janice COCKETT, Petitioner–Appellant,

v.

Howard RAY, Warden of the Central Oklahoma Correctional D.C. No. Facility; The Attorney General Of The State Of Hawaii; Prosecuting Attorney for the City and County Of Honolulu, State Of Hawaii, Respondents–Appellees.

No. 02–15078.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Filed June 20, 2003.

David J. Gierlach and Michael Jay Green, Honolulu, HI, for the petitioner-appellant.

Alexa D.M. Fujise, Office of the Prosecuting Attorney, Honolulu, HI, for the respondents-appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

LEAVY, Circuit Judge:

Hawaii state prisoner Janice Cockett ("Cockett") appeals the district court's dismissal of her federal habeas corpus petition as limited by 28 U.S.C. § 2254 which challenged her 1995 conviction for the murder of her husband, Frank Cockett. The district court dismissed Cockett's Confrontation Clause claim and claim of ineffective assistance of trial counsel as procedurally defaulted because it found that the Hawaii Supreme Court had relied on an independent and adequate state procedural ground in denying the claims. We affirm.

Because our decision turns on the issue of procedural default, we recite only those facts which are pertinent to our analysis. In November 1986, Frank Cockett's body was found in the trunk of a car parked at the Ala Moana shopping mall in Honolulu, Hawaii. Cockett was indicted for his murder in February 1991. Her trial on the murder charge began in March 1995. Billy Makaila, a witness called by the state, was given immunity from prosecution but denied that Cockett had contacted him about killing Frank Cockett and that he had told Jaymie Mineshema certain details about the murder including that he helped take Frank Cockett's body to the shopping mall. Mineshema was then called and testified that Makaila had made these statements implicating Cockett in the murder.

The trial court permitted Jaymie Mineshema to testify solely for the purpose of impeaching Makaila, and instructed the jury accordingly. Cockett's trial counsel objected to Mineshima's testimony on state law hearsay grounds, but made no objection based on the Confrontation Clause. The jury convicted Cockett of her husband's murder on September 25, 1995.

Cockett's counsel on direct appeal was not her trial counsel. He also did not raise a Confrontation Clause claim. Cockett's conviction was affirmed on February 21, 1997, by the Hawaii Supreme Court. Cockett then filed a Petition for a Post-Conviction Proceeding pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("H.R.P.P. 40") in which she squarely raised a federal Confrontation Clause claim. The Circuit Court of the First Circuit of Hawaii considered Cockett's Confrontation Clause claim on the merits and rejected it. On appeal, the Hawaii Supreme Court ruled that Cockett had waived the claim, holding that:

[I]nasmuch as Cockett failed to assert the issue of her right to confrontation at trial or as a point of error on direct appeal and failed to prove the existence of extraordinary circumstances that would justify her failure to raise the issue, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40(a)(3), Cockett has waived the issue.

The Hawaii Supreme Court also held that Cockett had similarly waived her ineffective assistance of trial counsel claim and that her ineffective assistance of appellate counsel claim was without merit.

Cockett filed her petition for a writ of habeas corpus on December 10, 1999, asserting a Confrontation Clause claim and claims of ineffective assistance of counsel both at trial and on direct appeal. On December 4, 2001, the district court dismissed the petition, holding that Cockett had procedurally defaulted her Confrontation Clause and ineffective assistance of trial counsel claims and that her claim of ineffective assistance of appellate counsel was without merit. The district court also held, on the merits, that because Cockett had had an opportunity to cross examine both Makaila and Mineshima, her rights under the Confrontation Clause were not violated. Cockett filed a Notice of Appeal on December 7, 2001. Construing Cockett's Notice of Appeal as a request for a Certificate of Appealability ("COA"), *see United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir.1997), the district court granted a COA on two issues: (1) whether Cockett had procedurally defaulted her Confrontation Clause and ineffective assistance of trial counsel claims; and (2) whether Cockett stated a valid claim under the Confrontation Clause. On appeal, Cockett contends only that she has not procedurally defaulted her Confrontation Clause claim. She does not assert that she did not default her claim of ineffective assistance of trial counsel. Thus, we do not consider that issue. Nor do we directly consider her claim of ineffective assistance of appellate counsel, because our review is limited to the issues for which a COA has been granted. 28 U.S.C. § 2253(c); *see Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999) (per curiam).

## STANDARD OF REVIEW

A district court's dismissal of a 28 U.S.C. § 2254 habeas petition based on state procedural default presents issues of law reviewed de novo. *See Manning v. Foster,* 224 F.3d 1129, 1132 (9th Cir.2000).

## ANALYSIS

### A. *Procedural Default*

We may consider Cockett's Confrontation Clause claim on habeas review only if it has been exhausted and is not

procedurally barred. *See Koerner v. Grigas,* 328 F.3d 1039, 2003 WL 1957101, at *4 (9th Cir. Apr.28, 2003). To exhaust a claim, a petitioner must fairly present a federal claim to the state courts, which requires that the petitioner present "both the operative facts and the federal legal theory on which his claim is based." *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir.), *cert. denied,* — U.S. —, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003). Even if Cockett's claims were fairly presented to the Hawaii Supreme Court, federal courts may not review them if the Hawaii Supreme Court denied relief on the basis of "independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The Hawaii Supreme Court held that Cockett had waived her claims based upon H.R.P.P. 40(a)(3), which provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

H.R.P.P. 40(a)(3).

Cockett concedes that she did not raise her explicitly federal Confrontation Clause claim on direct appeal in state court,[1] but makes three arguments why H.R.P.P. 40(a)(3) does not bar a federal court from hearing her claim. First, she argues that the state waived its defense of procedural default by "admitting" in its response to her state Rule 40 petition that the claim was presented to the Hawaii Supreme Court. Second, she argues that the Hawaii Supreme Court necessarily considered her claim on its merits when it rejected her ineffective assistance of appellate counsel claim. Third, she argues that Hawaii does not consistently follow H.R.P.P. 40.

### 1. *Waiver of the Defense of Procedural Default*

 If the state fails to raise the defense of procedural default in response to a federal habeas petition, it has waived the issue. *See Franklin v. Johnson,* 290 F.3d 1223, 1229–30 (9th Cir.2002). In the state's response to Cockett's Rule 40 petition, the state argued that Cockett's claims under state law had already been raised and ruled upon and that Cockett did not have a Confrontation Clause claim under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The state did not "admit" that the Confrontation Clause issue had been previously raised and ruled upon. Moreover, the state asserted procedural default at the district court. Therefore, it did not waive the defense.

### 2. *Hawaii Supreme Court's Consideration of the Claim*

██ When it determined that Cockett's claim of ineffective assistance of appellate

---

1. The fact that Cockett raised a state law hearsay issue is not sufficient, absent any reference to the federal constitution, statutes, or case law. *See Reese v. Baldwin,* 282 F.3d 1184, 1190 (9th Cir.2002).

counsel claim was without merit, the Hawaii Supreme Court held that:

> Cockett has failed to establish "in light of the entire record, the status of the law, and the space and time limitations inherent in the appellate process," that "a reasonably competent, informed and diligent criminal attorney would not have omitted" the confrontation clause issue. *see Domingo v. State,* 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994).

Thus, the Hawaii Supreme Court did not rule on the merits of Cockett's Confrontation Clause claim when it considered and rejected her claim of ineffective assistance of appellate counsel.

### 3. *Consistent Application of State Procedural Bar*

■■ To be deemed "adequate" under the general adequate and independent state grounds doctrine, the state procedural rule "must be well-established and consistently applied." *Bennett v. Mueller,* 322 F.3d 573, 583 (9th Cir.2003). In *Bennett,* we explained the burden of proof on this issue: "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Id.* at 586.

In 1996, at the time Cockett defaulted her Confrontation Clause claim, we had twice held that H.R.P.P. 40 forecloses federal review of claims not raised in previous state proceedings. *See Reiger v. Christensen,* 789 F.2d 1425, 1427 (9th Cir.1986); *Matias v. Oshiro,* 683 F.2d 318, 319–21 (9th Cir.1982). In both appeals, we held that the claims had been procedurally defaulted. *See id.* Cockett's citation to *Fragiao v. State,* 95 Hawai'i 9, 18 P.3d 871 (2001), for the proposition that H.R.P.P. 40 is not consistently applied is misplaced. *Fragiao* was decided after 1996 and, there-fore, is not relevant to our analysis of the consistency of Hawaii's application of H.R.P.P. 40's procedural bar. *See Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir.1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was firmly established and regularly followed at .the time it was applied by the state court.") (internal quotation marks omitted). Thus, Cockett has not met her burden of placing the procedural default defense at issue. *See Bennett,* 322 F.3d at 586. Her Confrontation Clause claim has been procedurally defaulted.

### B. *Cause and Prejudice or Actual Innocence*

■■ Because Cockett has procedurally defaulted her Confrontation Clause claim, she "may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence." *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir. 1994). Cockett contends that the ineffective assistance of her trial and appellate counsel constitutes cause for her default. To constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim. *Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Because Cockett's claim of ineffective assistance of trial counsel was procedurally defaulted, trial counsel's performance cannot constitute cause. Therefore, we review only her claim of ineffective assistance of appellate counsel to determine whether it constitutes cause.

■■ "[T]he mere fact that counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray,* 477 U.S. at 486, 106 S.Ct. 2639.

**944**

Attorney ignorance or inadvertence does not constitute "cause" unless it rises to the level of constitutionally ineffective assistance of counsel. *Coleman v. Thompson,* 501 U.S. 722, 753–54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

"We review claims of ineffective assistance of appellate counsel according to the standard set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Miller v. Keeney,* 882 F.2d 1428, 1433 (9th Cir.1989). Cockett must show that counsel's performance fell below an objective standard of reasonableness, *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052, and "that there is a reasonable probability that, but for counsel's unprofessional errors, [Cockett] would have prevailed on appeal." *Miller,* 882 F.2d at 1434.

Cockett's appellate counsel testified that he considered and rejected the Confrontation Clause claim because Makaila was not a codefendant. He also testified that, even if he had thought the claim was meritorious, he wasn't sure whether he would have included the claim in his brief because of space limitations. This performance does not fall below an objective standard of reasonableness and does not constitute ineffective assistance of counsel. *See id.* Thus, Cockett has not shown cause.

Cockett asserts that, without Mineshima's testimony, the State would have had no significant evidence tying her to the murder. However, other evidence introduced at trial shows that Cockett had a motive to kill, that Frank Cockett was killed at the Cockett's house, and that Cockett was home at the time of the murder. Thus, Cockett has also not established prejudice.

Cockett has made no showing of factual innocence. She has failed to show cause and prejudice or actual innocence to excuse her procedural default of her Confrontation Clause claim. Thus, we do not consider the merits of her claim.

The judgment of the district court, dismissing Cockett's petition for a writ of habeas corpus, is AFFIRMED.