Sylvester TRIBBITT, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 76–2091

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1976.

Wayne J. Boyer, Clearwater, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Richard G. Pippinger, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

On September 6, 1968, Appellant, Sylvester Tribbitt, was charged by information with the crimes of assault with intent to commit rape and robbery. After pleading not guilty as to both charges, appellant was tried by a jury and found guilty as charged of both offenses. Appellant was sentenced to the state penitentiary for twenty years upon the charge of assault with intent to commit rape and ten years, to run consecutive, upon the charge of robbery.

After exhaustion of state remedies, appellant filed his petition for writ of habeas corpus which was denied by the district court.

Appellant contends that the trial court erred in joining the felony of robbery and the felony of assault with intent to commit rape in one jury trial. The lower court specifically recognized that the crimes which are the subject of this point on appeal rose from the same criminal transaction. That court further determined that the crimes were perpetrated at or about the same time, and were directed at a single victim. The lower court went on to hold

---

* Rule 18, 5 Cir.; see, *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

that a single trial on both offenses was not an unfair one. Appellant has suggested no compelling arguments to disturb the above conclusion. The propriety of a consolidation rests within the sound discretion of the state trial judge. The simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before relief pursuant to 28 U.S.C. § 2254 would be appropriate.

■ Respondent supplied the lower court with a complete transcript of petitioner's trial in state court. A review of that transcript clearly indicates that both the assault with intent to commit rape charge and the robbery charge arose out of the same criminal episode. To give the finder of fact the complete picture of what transpired, evidence of each offense would have been technically admissible at the trial of the other offense. Consequently, there is no indication that the fact finding process was impermissibly tainted at petitioner's state trial by the consolidation of these charges.

The decision of the district court is affirmed.

AFFIRMED.