Kenneth William BROWN, Jr.,
Petitioner–Appellant,

v.

Manfred MAASS, Superintendent,
Respondent–Appellee.

No. 92–36906.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1993.

Decided Dec. 10, 1993.

Christopher J. Schatz, Asst. Federal Public Defender, Portland, OR, for petitioner-appellant.

Ann Kelley, Asst. Atty. Gen., Salem, OR, and David Lynn Larsen, Dept. of Justice Admin., Salem, OR, for respondent-appellee.

Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges.

PER CURIAM:

Kenneth William Brown, an Oregon state prisoner, appeals the dismissal of his federal petition for a writ of habeas corpus. The district court dismissed Brown's petition because he had procedurally defaulted on his state court remedies by failing to present his federal claims to the Oregon Supreme Court for review. We reverse.

■ Brown filed his federal habeas petition on January 24, 1990. As of that date, he had not exhausted his state remedies. He could have filed a timely petition for review of his federal claims on January 24, and he could have requested an extension of time to file his petition for review at any time before the Oregon Court of Appeals Judgment against him became final on March 14, 1990. Since Brown had available state court remedies at the time he filed his federal habeas petition, the proper ground for dismissing the petition was failure to exhaust, not procedural default. *See Matias v. Oshiro,* 683 F.2d 318, 321 (9th Cir.1982). The state, however, did not raise the failure to exhaust defense in the district court.

We have held that a state waives a procedural default when it fails to raise it in federal court and instead relies erroneously on a claim of failure to exhaust state remedies. *Francis v. Rison,* 894 F.2d 353, 355 (9th Cir.1990). We see no reason to treat the reverse situation differently. By failing to raise it in the district court, Oregon waived its failure to exhaust defense to Brown's federal habeas petition. *Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). The state has shown no exceptional circumstance that prevented it from raising that defense. Nor do we see how the interests of comity and federalism would be better served by requiring that the Oregon Supreme Court now be asked to address the merits of Brown's claim before it is heard in a federal court. *Id.; see also Snyder v. Summer,* 960 F.2d 1448, 1454 n. 3 (9th Cir.1992). Since the district court erred in finding that Brown procedurally defaulted on his federal claims, its order dismissing the petition must be reversed and

the case must be remanded for resolution on the merits.

■ We also find no merit in the argument that procedural default was an appropriate finding because of Brown's later failure to pursue his state remedies. The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals. *See White v. Lewis,* 874 F.2d 599, 602 (9th Cir.1989); *Matias,* 683 F.2d at 321; *accord Domaingue v. Butterworth,* 641 F.2d 8, 14 (1st Cir.1981). Brown had not exhausted his state remedies when he filed his federal habeas petition. He could not have been in procedural default at that time.

REVERSED and REMANDED.