21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry Edward BURNSWORTH, Petitioner-Appellant,
v.
Sam LEWIS; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 93-16415.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry Edward Burnsworth, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Burnsworth was convicted, following a jury trial, of kidnapping, attempted second-degree murder, aggravated assault, and armed robbery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Burnsworth contends that (1) his right to a fair trial was compromised when several jurors saw him in prison clothes and handcuffs outside the courtroom, (2) his trial counsel was ineffective for failing to adequately investigate and locate a potential defense witness, and (3) the trial court erred by allowing a police officer to testify regarding Burnsworth's prior arrest without allowing Burnsworth to testify in response. These contentions have no merit.
 
 Shackling
 
 4
 Burnsworth contends that several jurors saw him in jail clothes and handcuffs in a hallway outside the courtroom, and that this sighting denied him a fair trial. See Wilson v. McCarthy, 770 F.2d 1482, 1484 (9th Cir.1985). He also claims that counsel's failure to notify the court of the sighting or take any protective measures, such as requesting a curative instruction or questioning the jury, amounted to ineffective assistance of counsel.[1]
 
 
 5
 The district court held an evidentiary hearing, at which Burnsworth testified that the sighting lasted for four to six seconds, and that the deputy sheriff escorting him immediately removed him from the hallway upon realizing that jurors were present. Burnsworth also testified that he told his attorney of the incident. The deputy sheriff testified that he had no memory of the incident. Two of the jurors testified that they remembered seeing Burnsworth in the hallway very briefly; one juror testified that Burnsworth did not appear to be in his usual court attire, and the other testified that Burnsworth was in prison garb and handcuffs. A third juror who allegedly was also present could not be found to testify at the hearing. Finally, Burnsworth's attorney, Robert Storrs, testified that he did not remember Burnsworth saying anything about the sighting, and that his usual practice in such cases was to make a record of the incident.
 
 
 6
 We have held that a state prisoner is not entitled to federal habeas corpus relief simply because members of the jury have seen the defendant, briefly and accidentally, in handcuffs outside of the courtroom. See Castillo v. Stainer, 983 F.2d 145, 148 (9th Cir.1992) ("no harm that rises to a constitutional level is done by such an unintended, out-of-court occurrence"), cert. denied, 114 S.Ct. 609 (1993). Nor is the state court required to conduct voir dire of the jury to determine the effect of the sighting. Id. Accordingly, Burnsworth's claim that his constitutional right to a fair trial was violated when several jurors saw him in handcuffs outside the courtroom must fail. See id.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, following the evidentiary hearing, the magistrate judge made a factual finding, based on the credibility of the witnesses, that Burnsworth never told his attorney of the juror sighting incident. We defer to this finding. See Equal Employment Opportunity Comm'n v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993) (requiring special deference to credibility determinations of district court). Burnsworth cannot argue that counsel was ineffective for failing to protest an incident of which he had no knowledge. See Strickland, 466 U.S. at 691 (reasonableness of counsel's performance may depend on information supplied by defendant). Because Burnsworth has not shown that counsel's performance was deficient, his ineffective assistance of counsel claim must fail. See Strickland, 466 U.S. at 687.
 
 Ineffective Assistance of Counsel
 
 8
 Burnsworth contends that his trial counsel was ineffective for failing to locate a potential defense witness. Burnsworth was convicted for attacking his female companion with a utility knife, during a trip from Las Vegas to Phoenix. Burnsworth testified that he did not remember the incident because he had ingested LSD. He testified that he and the victim stopped to assist a man having car trouble, known to them only as Ira. Burnsworth testified that Ira gave him pills to help him stay awake; after Burnsworth took the pills, Ira told him that they were LSD.
 
 
 9
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland, 466 U.S. 668, 687; Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). Counsel must "make reasonable investigations or ... a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691; see Kimmelman v. Morrison, 477 U.S. 365, 384-85 (1986). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt regarding his guilt. Id. at 695.
 
 
 10
 Here, Burnsworth contends that counsel should have made a greater effort to find Ira, in order to bolster his insanity defense. The Arizona Court of Appeals determined that counsel was not ineffective for failing to locate Ira, because "any search for Ira would have been futile." Based on the lack of information known about Ira, the Court of Appeals found that it would have been "virtually impossible" to find him. We defer to these factual findings. See 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 455 U.S. 591, 592-92 (1982). Furthermore, we note that the detective investigating this case testified at trial that he attempted to locate Ira, but was unsuccessful. Because these facts indicate that Ira could not be found, Burnsworth cannot show prejudice based on counsel's failure to conduct a search. See Strickland, 466 U.S. at 687; Iaea, 800 F.2d at 864. Accordingly, Burnsworth has not shown that he received ineffective assistance of counsel.
 
 Evidentiary Rulings
 
 11
 Burnsworth contends that the trial court violated his due process rights by allowing an officer to testify on rebuttal regarding Burnsworth's prior arrest for aggravated assault, without allowing Burnsworth to testify regarding the details of the arrest. This contention has no merit.
 
 
 12
 State court evidentiary rulings cannot provide a basis for federal habeas corpus relief unless constitutional rights are affected. Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991); Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir.1987). A state court's decision regarding the admission of evidence must be so prejudicial as to infringe on a defendant's due process rights in order to merit habeas corpus relief. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). The defendant's due process rights have been violated if the admission or exclusion of evidence so fatally infected the proceedings as to render them fundamentally unfair. Jammal, 926 F.2d at 919.
 
 
 13
 Here, Burnsworth presented psychiatric testimony from Dr. Wellish. Wellish testified that Burnsworth was insane at the time of the assault, and that his opinion was based on four assumptions: (1) that Burnsworth was truthful during the psychiatric examination, (2) that Burnsworth had ingested LSD involuntarily, (3) that Burnsworth had no prior arrests for violent activity, and (4) that Burnsworth's history of alcoholsim was accurate. On rebuttal, the prosecution presented Officer Carder, who testified that he had arrested Burnsworth for aggravated assault. On cross-examination, Carder stated that the charges had been reduced to trespassing.
 
 
 14
 Burnsworth contends that the trial court denied him the right to testify in surrebuttal that all charges were eventually dismissed. However, the record reflects that defense counsel offered the testimony of the alleged victim of the assault, rather than Burnsworth. The trial court denied the motion to present this testimony, reasoning that because Carder's testimony was offered only to rebut the psychiatrist's testimony that Burnsworth had never been arrested for assaultive behavior, the details of the arrest and the subsequent disposition of the case were irrelevant.
 
 
 15
 We cannot say that the admission of Carder's testimony and the exclusion of the victim's testimony violated Burnsworth's due process rights. The jury had already heard that Burnsworth had a prior conviction for burglary. In addition, Carder admitted on cross-examination that the assault charges were reduced to trespass. In light of the psychiatric testimony presented, Carder's testimony was both relevant and probative. Accordingly, we cannot say that these evidentiary decisions rendered the proceedings fundamentally unfair. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants contend that Burnsworth failed to properly exhaust this claim. Because there are no longer state remedies available, the defendants argue that Burnsworth has committed a procedural default, and must show cause and prejudice to have his claim reviewed on the merits
 However, in their answer to the district court, the defendants conceded that Burnsworth had presented all of the issues in his habeas petition to the Arizona Supreme Court, and so had exhausted state remedies. Therefore, the defendants have waived their exhaustion and procedural default arguments. See Brown v. Maass, 11 F.3d 914, 915 (9th Cir.1993); Francis v. Rison, 894 F.2d 353, 355 (9th Cir.1990). The defendants attempted to amend their answer to include this procedural default argument nine months after filing their original answer; however, Burnsworth had already been appointed counsel and an evidentiary hearing had already been held on the shackling issue. Because of the strong possibility of prejudice to Burnsworth, the district court did not err in refusing to allow the defendants to amend their answer. See Brown, 11 F.3d at 915 ("the appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.") Accordingly, we will address the merits of this claim.