29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, Attorney General of the State of
Arizona; Maricopa County Sheriff's Office, et
al., Respondents-Appellees.
 No. 93-15900.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided July 15, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 MEMORANDUM**
 Gary St. Hilaire ("Appellant" or "Petitioner") appeals the denial of his petition for a writ of habeas corpus. For the reasons stated below, we affirm in part and dismiss in part.
 I.
 On the basis of the Arizona Court of Appeals' ruling in Appellant's second Rule 32 petition, the magistrate (whose finding the district court adopted without alteration) determined that petitioner's due process and disproportionate sentence claims were procedurally barred. See ER at 85, 92. Appellant argues that the Arizona court's procedural bar should not be respected for a number of reasons, and contends further that he has demonstrated "cause and prejudice," see, e.g., Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977), that would excuse any procedural default. We need not resolve these issues, however, because both these claims fail on the merits. Petitioner was sentenced properly under Arizona law. See A.R.S. Sec. 13-708. Moreover, the existence of a detainer due to the misdemeanor conviction is not "one of 'the rare case[s] in which a ... comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.' " United States v. Bland, 961 F.2d 123, 129 (9th Cir.) (quoting Harmelin v. Michigan, 111 S.Ct. 2680, 2707 (1991) (Kennedy, J., concurring)), cert. denied, 113 S.Ct. 170 (1992).
 
 
 1
 Petitioner, relying upon Boykin v. Alabama, 395 U.S. 238, 242-43 (1969), also claims that his plea was not entered into "knowingly, voluntarily, and intelligently" because there was no proper evidentiary foundation for the plea. He bases this claim on the Arizona Supreme Court's decision in Desmond v. Superior Court, 779 P.2d 1261 (Ariz.1989), which held that evidence of a person's blood alcohol content taken after the time of arrest can be admitted into evidence only if supported by "testimony relating the BAC back to the time of the arrest," id. at 1267. Because there is no federal right to an evidentiary foundation for a plea, see Rodriguez v. Ricketts, 777 F.2d 527, 527-28 (9th Cir.1985) (per curiam), and because the lack of such evidence at the time of the plea bargain has no bearing on whether Appellant's plea was knowingly and voluntarily entered into, we reject his claim.[1]
 
 II.
 
 2
 Appellant also claims that the superior court lost jurisdiction over his appeal from the justice court because his motion to set was not filed in a timely manner. As a consequence, he contends that he suffered a double jeopardy violation when the superior court accepted his plea agreement, because the untimely motion to set rendered the sentence entered upon the plea agreement in justice court final. We conclude, however, that the Arizona courts would hold that, even if filing an untimely motion to set might deprive a reviewing court of jurisdiction in some circumstances, cf. State ex rel. Purcell v. Superior Court, 528 P.2d 629, 632-33 (Ariz.1974), a petitioner waives any jurisdictional defect based on an untimely motion to set by proceeding on the appeal, cf. Modig v. Superior Court, 413 P.2d 797, 799-800 (Ariz.Ct.App.1966) (refusing to grant a writ of prohibition based on the petitioner's contention that the motion to set was untimely, and therefore, that the superior court lost jurisdiction, when it was the petitioner's failure to prosecute his appeal from the justice court that resulted in the untimely setting of the appeal in the superior court). Accordingly, we need not address any claimed deprivation of federal rights that is premised on the superior court's purported loss of jurisdiction. See Hernandez v. Ylst, 930 F.2d 714, 719-20 (9th Cir.1991).
 
 III.
 
 3
 Appellant also claims that the superior court lost jurisdiction, and therefore, that he suffered a double jeopardy violation for the same reason described above in Part II, because his notice of appeal was untimely.
 
 
 4
 Petitioner (and the government) discovered that the notice of appeal was untimely only when certain state court records were produced during the course of the proceedings before the magistrate. Consequently, this claim was brought to the district court's attention only at the time that the magistrate requested submission of objections to his report. Although Appellant raised this claim at that time, neither the magistrate nor the district court addressed it. In the district court, and in this court, the government contended that, because "[P]etitioner never presented th[e] argument about the lack of a timely notice of appeal to the state court," "Petitioner has procedurally defaulted on this claim and must demonstrate legitimate cause for his default and actual substantial prejudice." CR 68 at 4; see also Brief for Respondents at 16 n. 10.
 
 
 5
 We reject the government's procedural default argument. Appellant proceeded pro se in both of his Rule 32 petitions. Under then-existing Arizona law, a pro se petitioner could default on an unadjudicated claim in a prior Rule 32 proceeding only by "[k]nowingly, voluntarily and intelligently not rais[ing the claim] at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.Proc.Rule 32.2(a)(3). Rule 32.2(c), which permits an inference of such a waiver from failing "to raise any ground then available ... in a previous Rule 32 proceeding," does not apply because it requires the petitioner to have been "represented by counsel." Id. Rule 32.2(c); see also id. cmt. (stating that the inference does not apply to "previous post-conviction proceedings during which the defendant was not represented by counsel"). On the record before us, there is simply no evidence that the petitioner knowingly or voluntarily failed to raise the notice of appeal claim. Appellant did not know about the claim until he obtained the state court record for the first time in the district court. Even assuming arguendo that we would charge Appellant with obtaining the necessary documents for the purposes of establishing "cause" under Murray v. Carrier, 477 U.S. 378 (1986), it cannot be concluded that he "competently and intelligently waive[d]" the right to bring the claim. Johnson v. Zerbst, 304 U.S. 458, 469 (1938) (emphasis added); cf. State v. Carriger, 692 P.2d 991, 995-96 (Ariz.1994) (inferring waiver based on Rule 32.2(c) when the petitioner was "sufficiently informed of the necessity of raising competency of counsel issues on appeal" by the trial judge and extensively "participat[ed] in the preparation of the appeal" along with his counsel), cert. denied, 113 S.Ct. 1600 (1993). Appellant, therefore, still could bring a Rule 32 petition based on this claim in the Arizona courts. Consequently, it has not been procedurally defaulted.[2]
 
 
 6
 Of course, Appellant's claim, even if not procedurally barred, has not been exhausted. However, the government clearly relied only on procedural default grounds in the district court in opposing Appellant's claim based on the untimely notice of appeal. See CR 68 at 4.[3] Therefore, the exhaustion argument has been waived. See Brown v. Maass, 11 F.3d 914, 914-15 (9th Cir.1993) (per curiam).
 
 
 7
 Nonetheless, we believe that, in this case, "the interests of comity and federalism would be better served" by requiring exhaustion. Id. at 914. Appellant's claim raises an important issue of federal law undecided in this circuit: whether a jurisdictional defect that deprived a court of power to consider a matter and that arises solely from the operation of state law provides a basis for federal habeas corpus relief when no fundamental unfairness resulted. See Hernandez, 930 F.2d 719-20. We also note that the circuits are divided on the question. Compare e.g., United States ex rel. Herrington v. Mancusi, 415 F.2d 205, 208-09 (2d Cir.1969) (appearing to require that a state law jurisdictional defect "constitute[ ] such a fundamental unfairness" that a petitioner's "conviction[ ] could not stand") with Lowery v. Estelle, 696 F.2d 333, 337 (5th Cir.1983) (stating that "[a]n absence of jurisdiction in the conviction is ... a basis for federal habeas corpus relief cognizable under the due process clause").[4] Finally, we observe that the availability of this possible avenue relief is premised on a purely state-law question that the Arizona courts have not yet directly passed upon.
 
 
 8
 Under these circumstances, we believe that requiring exhaustion, even when waived by the State, is appropriate. "The exhaustion requirement, in its most fundamental aspect embodying respect for coordinate capabilities of state courts to enforce federal constitutional directives ... takes on a special significance when constitutional claims are enmeshed with state law." Lowery, 696 F.2d at 337. Accordingly, we dismiss St. Hilaire's claim based on the untimely notice of appeal so that the Arizona courts may, in the first instance, pass both on the state-law question of whether an untimely notice of appeal constitutes a defect that deprived the superior court of jurisdiction to consider Petitioner's appeal from the justice court, and the federal question of whether this sort of jurisdictional error, if found, provides a basis for relief under federal law.[5]
 
 IV.
 
 9
 We therefore affirm the district court as to the denial of Petitioner's due process, double jeopardy, Boykin claim, and his claim based on the untimely motion to set. We dismiss on exhaustion grounds Petitioner's claim based on the untimely notice of appeal.
 
 Affirmed in Part and Dismissed in Part.[6]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note that Desmond was handed down after Appellant's sentence became final, and thus would not be applied retroactively by the Arizona courts. See State v. Campa, 814 P.2d 748, 749 (Ariz.1991). Appellant claims that retroactive application is demanded whenever the federal courts would apply a new rule retroactively under Teague v. Lane, 489 U.S. 288 (1989). However, it is clear that Desmond does not qualify as a procedure " 'implicit in the concept of ordered liberty' " that "alters our understanding [of] bedrock procedural elements that must be found to vitiate the fairness of a particular conviction," id. at 311 (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). Consequently, Appellant's claim also would fail for this reason
 
 
 [2]
 We find no merit in the government's contention that Petitioner's argument based on the untimely notice of appeal is subsumed within the jurisdictional argument based on failure to give a timely notice to set trial, and that it should be considered procedurally defaulted for this reason. Although both claims are premised on the same general legal theory, they involve proof of completely different facts and thus are distinct. Cf. Tamapua v. Shimoda, 796 F.2d 261, 262-63 (9th Cir.1986) (holding that a claim is fairly presented to the state court when "the petitioner has described the operative facts and legal theory on which his claim is based" (citing Picard v. Connor, 404 U.S. 270, 277-78 (1971)))
 
 
 [3]
 The government stated:
 [P]etitioner never presented this argument about the lack of a timely notice of appeal to the state court.... For this reason, Petitioner has procedurally defaulted on this claim and must demonstrate legitimate cause for his default and actual substantial prejudice....
 CR 68 at 4.
 
 
 [4]
 We reject, however, Petitioner's contention that his claim properly is characterized as a "double jeopardy" claim. By definition, if the superior court never obtained jurisdiction because the notice of appeal was untimely, the sentence imposed by the justice court became final, and still is valid. Cf. State ex rel. Neely v. Rodriguez, 796 P.2d 876, 880 (Ariz.1990) (vacating a court of appeals' order entered without jurisdiction and reinstating the trial court's order granting a new trial)
 
 
 [5]
 We need not dismiss, however, the remainder of St. Hilaire's claims under the complete exhaustion rule of Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner's claim based on the untimely notice of appeal was raised after the filing of his habeas petition in the district court, and was not addressed either by the district court or the magistrate. Accordingly, we treat it as having formed no part of the petition. See Powell v. Spalding, 679 F.2d 163, 165-66 (9th Cir.1982)
 
 
 [6]
 The panel retains jurisdiction over any subsequent appeal of any writ of habeas corpus filed by Petitioner in the district courts of this circuit based on the claim that we dismiss in Part III