50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Joseph CRANE, Petitioner-Appellant,
v.
Rusty SNIDER, Warden; Attorney General of the State of
California; Daniel E. Lungren, Respondents-Appellees.
 No. 93-55581.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided March 9, 1995.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Joseph Crane, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Crane was convicted under California state law of kidnapping; two counts of assault by means of force likely to produce great bodily injury, one of which included the use of a deadly weapon; and murder in the second degree. He was sentenced to an indeterminate sentence of 24 years to life in prison. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and review de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). We affirm.
 
 
 3
 Crane contends that he was deprived of a fair trial, alleging that: (1) the prosecution improperly withheld defense witnesses; (2) the court unconstitutionally removed him from a preliminary hearing; (3) he was denied effective assistance of counsel; (4) the police withheld material evidence and presented false testimony; (5) the state impermissibly joined disparate offenses in a single indictment and trial; and (6) his waiver of jury trial was involuntary and therefore unconstitutional.
 
 
 4
 (1) Petitioner asserts as his principal claim that the government intentionally withheld the identities of exculpating defense witnesses. He claims that the prosecution's refusal to provide the defense with the addresses and phone numbers of all the witnesses, and the availability of such witnesses only through government mediation, via subpoena or otherwise, unconstitutionally interfered with his ability to present his defense.
 
 
 5
 Appellant's claim is meritless. The record indicates that the defense was provided with the names of the witnesses, and police reports of their statements were made available. Despite the fact that the defense did not have the addresses and phone numbers, it was offered the opportunity to contact and interview potential witnesses through subpoena by the state. Some of these witnesses were in fact subpoenaed for the defense. The court noted that it had heard the testimony of at least 25-30 eyewitnesses. In the absence of bad faith; the fact that some of the witnesses the appellant claims would have supported his defense were first called by the prosecution or could not be found at the time of trial does not constitute prosecutorial misconduct. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); United States v. Robinson, 35 F.3d 442, 450 n. 6 (9th Cir.1994).
 
 
 6
 (2) Appellant asserts that his constitutional rights were violated by being removed from a preliminary hearing in which the conditions determining the availability of witnesses for the defense were agreed upon by the prosecution and defense counsel. The government claims that the appellant failed to raise this issue below. Review of the federal district court record indicates that appellant did raise this claim in his objection to the magistrate judge's report and recommendation. Although a review of the record indicates that Crane did not raise this constitutional claim in state court proceedings, the state has waived its exhaustion defense by failing to raise it below or on appeal. In the interest of judicial economy we may reach the merits of this issue. Taylor v. Kincheloe, 920 F.2d 599, 602 n. 1 (9th Cir.1990).
 
 
 7
 The constitutional right to due process includes a defendant's right to be present at any criminal proceeding in which his presence would contribute to the proceeding's fairness or reliability. Kentucky v. Stincer, 482 U.S. 730, 745, 747 (1987). Whether a particular absence violates the right to be present, however, is considered in light of the entire record. United States v. Gagnon, 470 U.S. 522, 526-27 (1985).
 
 
 8
 In the present case, the government did not deny the appellant his rights under the due process clause by excluding him from the concluding few minutes of a preliminary hearing. During that portion of the hearing, no testimony was offered. Rather the prosecutor and defense counsel discussed and agreed upon the manner in which the defense could contact witnesses, and the names of several witnesses were read into the record.
 
 
 9
 Furthermore, the appellant has failed to show how removal harmed him. As noted above, the government did not in fact prevent him from gaining access to the necessary witnesses. He offers no meritorious argument suggesting how it prejudiced him. Cf. Thomas v. Goldsmith, 979 F.2d 746, 748 (9th Cir.1992)
 
 
 10
 (3) Crane argues that he received ineffective assistance of counsel for a variety of reasons. To establish ineffective assistance of counsel, the appellant must prove that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1478 n. 8 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 357 (1994). To prevail, Crane must prove both elements.
 
 
 11
 At the close of trial, substitute defense counsel thoroughly argued a motion for new trial in view of the representation provided Crane at trial. In spite of the inconveniences and unorthodox behavior exhibited by Crane's counsel, the court detailed its grounds for rejecting the claim of ineffective assistance of counsel. Crane has failed to assert, other than in conclusory fashion, how different representation would probably have led to a different outcome at trial. Since the appellant has failed to show how the alleged failure in representation would probably have altered the outcome of the proceeding, we affirm the district court's ruling.
 
 
 12
 (4) Crane also argues that his right to a fair trial was violated because the police failed to analyze blood taken from a knife in a timely fashion and introduced false evidence tending to establish the blood on a knife was that of the victim's. Crane wanted to show that his own blood was on the knife to support his theory of self-defense. The district court found as a matter of fact that the blood on the knife was more than likely Crane's and rejected the state's argument to the contrary. Further, the state's failure to preserve the evidence, absent bad faith, does not constitute a denial of due process. See Arizona v. Youngblood, 488 U.S. at 58 and United States v. Robinson, 35 F.3d at 450 n. 6.
 
 
 13
 (5) Crane also asserts that the joinder of two sets of charges was erroneous and that it deprived him of a fair trial. "The simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before relief pursuant to 28 U.S.C. Sec. 2254 would be appropriate." Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991), quoting Tribbitt v. Wainwright, 540 F.2d 840, 841 (5th Cir.1976), cert. denied, 430 U.S. 910 (1977).
 
 
 14
 The California Court of Appeal discussed evidence that Petitioner's conduct on September 5 and September 9 was part of a "grand design" to advance "white power" aims by displays of homicidal violence. The court of appeal held that, under California law, evidence regarding the September 5 incident and evidence regarding the September 9 incident would have been cross-admissible in separate trials of these incidents. Also under Fed.R.Evid. 404(b) it is clear that the admission of evidence as to both incidents would be permitted to prove motive and intent. The trial court's refusal to order separate trials does not merit habeas relief. See United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987) ("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder"). Joinder of the counts did not render Petitioner's trial fundamentally unfair. Petitioner's largely conclusory, contrary argument must be rejected. James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 333 (1994).
 
 
 15
 (6) Crane also asserts that he never voluntarily waived his right to a jury trial. Although the appellant does not appear to have raised this issue in state court, he did present it in his habeas traverse presented to the district court. In view of the state's failure to raise the exhaustion defense below, we may in the interests of judicial economy reach the merits of the claim. Granberry v. Greer, 481 U.S. 129, 132-33 (1987); Bland v. California Dep't of Corrections, 20 F.3d at 1472 n. 3; Brown v. Maass, 11 F.3d 914, 914 (9th Cir.1993) (per curiam).
 
 
 16
 Appellant argues that his waiver of a jury trial was unconstitutional because it was coerced and was not made in open court. Crane also argues that his waiver was not voluntary due to his being informed that no courtrooms were available for jury trials, and that if he obtained a jury trial he would be tried as a racist before an all-black jury. These assertions are bald allegations, unsupported by the record. Such allegations, without more, cannot give rise to a constitutional claim. Since the record provides no reason to doubt the voluntary nature of appellant's waiver and because failure to interrogate the witness in open court regarding the voluntary nature of a waiver of a jury trial does not violate the Constitution, see United States v. Cochran, 770 F.2d 850, 851 (9th Cir.1985), the appellant's claim is meritless.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission on the briefs and without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except pursuant to 9th Cir.R. 36-3