59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steven E. DULL, Petitioner-Appellant,
v.
Michael PICKETT; Attorney General, State of California,
Respondents-Appellees.
 No. 94-56722.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven E. Dull, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. Dull contends the district court erred by finding that he had not exhausted state remedies as to one of his two claims. We have jurisdiction under 28 U.S.C. Sec. 2253, and we vacate the district court's judgment.
 
 
 3
 In 1985, Dull was convicted, following a jury trial, for two counts of second degree murder and one count of misdemeanor hit-and-run driving. On direct appeal, the California Court of Appeal affirmed his conviction and modified his sentence, and the California Supreme Court denied his petition for review. The California Court of Appeal subsequently denied Dull's two habeas corpus petitions, one of which raised a double jeopardy claim. In May 1992, Dull filed a habeas petition in the California Supreme Court, which denied relief. Dull then filed a habeas petition in the federal district court, raising a double jeopardy claim and other claims. The district court dismissed the petition without prejudice because Dull had failed to exhaust state remedies as to his double jeopardy claim by fairly presenting it to the California Supreme Court.
 
 
 4
 In April 1993, Dull filed a second habeas petition in the California Supreme Court, raising a double jeopardy claim. The court denied the petition. Dull filed a third petition, again raising the double jeopardy claim, in July 1993, and the California Supreme Court again denied relief. In September 1993, Dull filed a second habeas petition in federal court, raising the double jeopardy claim and other claims. The district court dismissed the petition for failure to exhaust state remedies as to a jury instruction claim.
 
 
 5
 In May 1994, Dull filed a third federal petition, raising the double jeopardy claim and a jury instruction claim. The district court dismissed the petition on the basis that Dull had failed to exhaust state remedies as to his double jeopardy claim. Dull timely appeals.
 
 
 6
 We review the dismissal of a habeas petition de novo. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994). Before a federal court will consider granting habeas relief, a state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). To exhaust state remedies, the prisoner must fairly present his claims to the highest state court, and that court must dispose of the claims on the merits. James, 24 F.3d at 24. If the state court finds a federal claim barred pursuant to an independent and adequate state procedural rule, then exhaustion no longer is possible. See Coleman v. Thompson, 501 U.S. 722, 735 n. * (1991). If the state raises a procedural default defense in the district court, the prisoner must show cause for the default and prejudice in order to obtain federal habeas review. Id. at 750; Brown v. Maass, 11 F.3d 914, 914 (9th Cir.1993) (per curiam).
 
 
 7
 Here, the California Supreme Court denied Dull's second habeas petition with citation to In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Swain, 34 Cal.2d 300, 304 (1949). The court denied Dull's third habeas petition with citation to Dixon, Swain, and In re Miller, 17 Cal.2d 734, 735 (1941). Swain holds that facts relied on in a California habeas petition must be alleged with particularity. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991). Dixon holds that "in the absence of special circumstances constituting an excuse" for failure to raise a claim on direct appeal, habeas "will not lie." Dixon, 41 Cal.2d at 759. Miller holds that absent a change in the facts or the law, the California Supreme Court will not consider the same claim twice. Miller, 17 Cal.2d at 735; see Kim v. Villalobos, 799 F.2d 1317, 1319 n. 1 (9th Cir.1986).
 
 
 8
 Generally, a denial of a state habeas claim with citation only to Swain is not a denial on the merits, and leaves open the possibility of exhausting state remedies in future state proceedings. Kim 799 F.2d at 1319. Here, however, the California Supreme Court's citation of both Swain and Dixon indicates that Dull did not allege with sufficient particularity facts regarding an excuse for his failure to raise his double jeopardy claim on direct appeal. See Dixon, 41 Cal.2d at 760 (citing Swain, 34 Cal.2d at 304, for proposition that petitioner bears burden of giving satisfactory reason for not resorting to direct appeal). Thus, Dull has procedurally defaulted his double jeopardy claim. See Coleman, 501 U.S. at 750. The state, however, has not raised a procedural default defense. See Brown, 11 F.3d at 914.
 
 
 9
 We VACATE the district court's judgment and REMAND for further proceedings consistent with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3