72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbert Joseph ODEN, Petitioner-Appellant,
v.
B.J. BUNNELL, Respondent-Appellee.
 No. 94-17220.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Dec. 12, 1995.
 
 1
 Before GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD**, District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Defendant appeals the district court's denial of his federal habeas petition. Defendant contends that his murder conviction in state court must be reversed because (1) he received ineffective assistance of counsel, and (2) his conviction violated due process. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We affirm.
 
 I.
 
 4
 On April 3, 1985, defendant was charged in Kings County (Cal.) Superior Court with first-degree felony murder, assault with intent to commit rape, and attempted burglary. The first-degree felony murder charge was prosecuted as a special circumstances crime, and defendant would have received either the death penalty or a sentence of life imprisonment without the possibility of parole had he been convicted. At the end of trial, defense counsel requested that the court instruct the jury that if it could not reach unanimity on the first-degree felony murder charge, it could find defendant guilty of the lesser-included offense of second-degree felony murder. The second-degree felony murder instruction rested on the underlying felony of assault with force likely to produce great bodily injury. Although the prosecutor and the trial judge initially questioned the appropriateness of the instruction, the judge concluded that the instruction was consistent with the defense's theory of the case and thus granted defense counsel's request. Unknown to defense counsel, the prosecutor, and the trial court, an identical instruction had been declared invalid as a matter of law sixteen years earlier. See People v. Ireland, 455 P.2d 153 (1969).[1]
 
 
 5
 On December 17, 1985, defendant was convicted of second-degree felony murder,[2] and was subsequently sentenced to sixteen years to life. Defendant argued in a motion for a new trial that because his counsel had requested an instruction that permitted him to be convicted for a crime that does not exist as a matter of law, his conviction should be reversed on ineffective assistance of counsel grounds. The trial court found that defense counsel had invited the error when he requested the instruction, and denied the motion. Defendant pursued his ineffective assistance claim on direct appeal to the California Court of Appeals, which also upheld the conviction on the basis of invited error doctrine. Defendant then raised his ineffective assistance claim in a state habeas petition, which was denied.
 
 
 6
 The defendant then filed a federal habeas petition in the United States District Court for the Eastern District of California. The petition alleged only the ineffective assistance of counsel claim, although the brief in support of the petition raised, for the first time, the claim that defendant's conviction violated due process. The district court denied the petition.[3] Defendant asserts both the ineffective assistance of counsel claim and the due process claim in his appeal to this panel.
 
 II.
 
 7
 We review a federal district court's decision to deny a habeas petition de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). Whether a defendant received ineffective assistance of counsel is a legal question also reviewed de novo. Sanders, 21 F.3d at 1451. Findings of fact made by the district court are reviewed for clear error. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995).
 
 
 8
 Defendant asserts that he received ineffective assistance when counsel requested that the judge instruct the jury on a crime that does not exist under California law.[4] Both the state appellate court and the federal magistrate analyzed the merits of defendant's claim and concluded that defense counsel's deliberate, tactical decision to offer the jury second-degree felony murder as an alternative to first-degree felony murder was not ineffective assistance under the standard set forth in Lockhart v. Fretwell, 506 U.S. 364 (1993), and Strickland v. Washington, 466 U.S. 668 (1984). We agree.
 
 
 9
 To establish ineffective assistance, defendant first must prove that considering all the circumstances, defense counsel's conduct did not meet an objective standard of reasonableness. See Strickland, 466 U.S. at 698. In applying this standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687; see also Bonin, 59 F.3d at 833 (quoting Strickland ). If defendant establishes that defense counsel's decision was not objectively reasonable, defendant must then prove that he was prejudiced by the defense counsel's error. See Strickland, 466 U.S. at 693.
 
 
 10
 We need not decide the issue of whether defense counsel's decision to request the erroneous instruction was objectively reasonable, because we find that defendant was not prejudiced by the request. Providing the jury with the second-degree felony murder alternative was a deliberate tactical decision meant to reduce his client's exposure to the death penalty. Before requesting the instruction, defense counsel analyzed its appropriateness in relation to the rest of the defense's case, and concluded that the same facts that supported the defense's self-defense theory justified the second-degree felony murder instruction. During the post-trial hearing on defendant's motion for a new trial, defense counsel explained to the court that he
 
 
 11
 felt or thought there would be ... a second-degree felony murder rule application. I thought it would be there because [of] the way the evidence was coming in the case. Because, one, we had a knife, we had a fight, we had choking, if they didn't believe self-defense, there were different things that could apply.
 
 
 12
 Clearly, defendant's trial counsel did not in any way undermine or prejudice the defense's theory of the case, but rather presented the jury with a factually-supported alternative to a first-degree felony murder conviction.
 
 
 13
 The erroneous instruction not only complemented rather than prejudiced the defense's presentation to the jury, but it also yielded a result that did not ultimately prejudice the defendant. The California Court of Appeal reviewed the record and concluded that the defendant's second-degree felony murder conviction was "upon these facts a very favorable result." People v. Oden, 239 Cal.Rptr. 232, 237 (Cal.Ct.App.1987). We agree. The jury clearly did not accept Oden's claim of self-defense, because if they had the defendant would have been acquitted on all counts, including second-degree felony murder. Thus, by giving the jury the second-degree alternative to first-degree felony murder, defense counsel succeeded in reducing defendant's exposure to the death penalty in the event the jury did not believe acquittal on a self-defense theory was warranted.
 
 III.
 
 14
 Defendant also contends that his conviction violates due process. This claim was not included in defendant's federal habeas petition.[5] Because "[h]abeas claims that are not raised before the district court in the petition are not cognizable on appeal," Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), we do not review the merits of defendant's due process claim. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) ("We do not entertain [defendant's habeas] claim because [he] did not include it in his petition to the district court, and the district court did not address it.").
 
 
 15
 Moreover, reaching the merits of defendant's claim in this instance would require not only that we ignore defendant's failure to raise the claim in his petition, but also that we raise and decide threshold procedural issues. Because defendant's due process claim was not raised in any state proceeding, questions of exhaustion and procedural default are clearly implicated. See Duncan v. Henry, --- U.S. ----, ----, 115 S.Ct. 887, 888 (1995) (per curiam) ("If a habeas petitioner wishes to claim that ... a state trial court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). Those questions are best left to the court in which the due process claim has been properly raised.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The instruction was invalidated because it permits the jury to convict defendant of murder, which demands proof of malice, based on an underlying felony that does not require a showing of malice. Thus, defendant could be convicted of murder without the prosecution having established the requisite mens rea
 
 
 [2]
 Defendant was acquitted of first-degree felony murder, assault with intent to commit rape, and attempted burglary. The jury also acquitted defendant of the lesser-included offenses of second-degree murder, voluntary and involuntary manslaughter, and brandishing a weapon. The jury convicted defendant of misdemeanor assault, which was charged as a lesser-included offense to assault with intent to commit rape
 
 
 [3]
 The district court considered the findings and recommendations of the magistrate judge who was assigned to review the petition. The magistrate judge had issued a detailed report, in which he concluded that the ineffective assistance of counsel claim should be denied on the basis of invited error doctrine. Neither the district court nor the magistrate judge made any specific findings regarding the due process claim petitioner raised in his brief
 
 
 [4]
 The state argues on appeal that defendant's ineffective assistance claim was denied on procedural grounds in state habeas and thus cannot be the subject of collateral attack in federal court. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that federal claims barred in state court pursuant to state procedural rules generally may not serve as the basis of federal habeas review). The state, however, did not allege procedural default of the ineffective assistance claim in federal district court, and consequently this panel considers the procedural default issue waived. See Brown v. Maass, 11 F.3d 914, 914 (9th Cir.1993)
 
 
 [5]
 Defendant argues that because he filed his habeas petition pro se, it must be liberally construed to include the due process claim. While we recognize that pro se petitions are entitled to some latitude, see Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990), we cannot allow the invocation of liberal pro se rules, and little else, to circumvent the basic requirement that defendant's claims be found in his habeas petition. In this case, the defendant did not properly raise the issue in his petition, the state did not address it in its response, the magistrate judge did not make any findings or recommendations regarding the claim, and the district court judge did not decide the issue