127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. HARRIS, Petitioner-Appellant,
v.
Ernest C. ROE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56221.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Oct. 10, 1997.
Decided Oct. 20, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, Chief Judge, Presiding
 Before O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard E. Harris, a California state prisoner, appeals the district court's decision to deny his petition for habeas corpus. On September 6, 1988, Harris was sentenced in state court to imprisonment for a term of 39 years 4 months, after a jury found him guilty of attempted murder, robbery within a residence, rape, forcible oral copulation, sodomy by force, false imprisonment by violence, and sale or furnishing of a controlled substance to a minor. The jury found him not guilty of eight other offenses. The district court denied Harris's habeas corpus petition. We affirm.
 
 
 3
 Harris argues that he was denied due process, because the state trial court did not sever the trial of the three offenses relating to Michael Robinson from the trial of the twelve relating to Dawn McGrath. Although he concedes that the joint information was proper under California Penal Code § 954, Harris contends that California law required the trial court to sever the Robinson offenses from the McGrath offenses. The California Court of Appeal considered and rejected that argument, which rests on state criminal procedure principles. We will not review a state court's application of its own laws. See Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990).
 
 
 4
 To prevail on his federal habeas corpus petition, Harris had to show that the failure to sever rendered his trial so fundamentally unfair as to deprive him of his federal constitutional due process right. See Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991); see also Tribbitt v. Wainwright, 540 F.2d 840, 841 (5th Cir.1976). Harris did not do so. Rather, the facts show that he received a fundamentally fair trial. The state trial court specifically instructed the jury to consider each charged count separately. We presume that the jury followed that instruction. See United States v. Span, 75 F.3d 1383, 1390 (9th Cir.1996). And, the fact that the jury returned verdicts of not guilty on the majority of the fifteen counts charged in the information (one relating to Robinson and seven relating to McGrath) indicates that it did consider them separately. The district court did not err.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3