**James Ricky WATSON, Petitioner–Appellant,**

v.

**Robert O. LAMPERT, Superintendent, Respondent–Appellee.**

No. 01–35051.

D.C. No. CV–99–00742–AA.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

James Ricky Watson, an Oregon state prisoner, appeals the denial of his 28 U.S.C. § 2254 petition for lack of exhaustion under 28 U.S.C. § 2254(b) and (c). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Watson's habeas petition, *see Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.), *cert. denied*, 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000), and we affirm.

Watson contends the district court erred in dismissing his habeas petition because he met the exhaustion requirement by presenting his claims in "one full round of state court appellate review." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This contention fails because at the time he filed his § 2254 petition, Watson still had a direct appeal pending in the Oregon Court of Appeals.[1] *Sherwood v. Tomkins*, 716

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Watson's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. After Watson's initial sentencing under Or. Rev. Stat. § 161.610, the Oregon Court of Appeals granted the state's appeal and remanded for resentencing under Or. Rev. Stat. § 137.700. The appeal after resentencing was still pending when Watson filed his § 2254 petition.

F.2d 632, 634 (9th Cir.1983) (requiring petitioner to await outcome of pending appeal before state remedies are exhausted, because that appeal may result in reversal of conviction on some other ground, thereby mooting federal question); *see Brown v. Maass*, 11 F.3d 914, 915 (9th Cir.1993) (per curiam) (assessing exhaustion at time of filing petition); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982) (setting forth requirements for exhaustion). The district court therefore properly dismissed the petition without prejudice for failure to exhaust. *O'Sullivan v. Boerckel*, 526 U.S. at 842.[2]

**AFFIRMED.**

---

**2.** In light of the Oregon Supreme Court's subsequent dismissal of Watson's direct appeal, *State v. Watson*, 331 Or. 244, 18 P.3d 1100 (Or.2000), and of the Antiterrorism and Effective Death Penalty Act's one-year limitation period, 28 U.S.C. § 2244(d), we observe that Watson has a limited amount of time remaining to file a timely § 2254 petition, if he has not already done so.

