Darnell Otis MCGARY, Petitioner—
Appellant,

v.

Henry RICHARDS, Respondent—
Appellee.

No. 05–36105.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed March 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Tyler Alexander Baker, Esquire, Henry Zazueta Carbajal, III, Todd Richard Gregorian, Fenwick & West LLP, Mountain View, CA, for Petitioner–Appellant.

Paul D. Weisser, Senior Counsel, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM *

Darnell McGary ("McGary") appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus

* This disposition is not appropriate for publication and is not precedent except as provided

petition for lack of exhaustion. McGary challenges his civil commitment in the state of Washington as a sexually violent predator. He concedes that the only issue on which he has a certificate of appealability ("COA") is whether he needs a COA to appeal the dismissal of his habeas petition, and further concedes that he needs a COA and does not have one. He requests that we expand his COA to include two arguments: (1) that we should remand because some of his claims have since been exhausted; and (2) that he should have been excused from exhaustion of his double jeopardy claim. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here except as necessary to explain our decision. We conclude that McGary has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and we affirm without expanding McGary's COA.

■ McGary concedes that his claims were unexhausted at the time the petition was filed, but argues that we should remand, because of his alleged subsequent exhaustion of some claims, for the district court to "stay and abey" his claims. Our precedent forecloses that argument: "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass,* 11 F.3d 914, 915 (9th Cir.1993) (per curiam); *see also Gatlin v. Madding,* 189 F.3d 882, 889 (9th Cir.1999). McGary has provided no relevant case authority to support his request for this unprecedented remedy. The district court dismissed McGary's petition without prejudice for

by Ninth Circuit Rule 36–3.

lack of exhaustion, so McGary was able to file a new petition in district court if and when his claims became exhausted.[1] Thus, the district court did not err by dismissing McGary's unexhausted petition, and we decline to expand the COA as to McGary's "stay-and-abeyance" request.

Alternatively, McGary argues that he should be exempted from exhausting his double jeopardy claim—that his civil commitment as a sexually violent predator constitutes double jeopardy because he already served his criminal sentence for rape. The Washington State Supreme Court has ruled that its civil commitment proceedings are not criminal in nature. *In re Det. of Stout,* 159 Wash.2d 357, 150 P.3d 86, 92–93 (2007). However, McGary contends without any support that this determination was arrived at "in bad faith." Because this allegation is not supported, we decline to expand McGary's COA on that basis.

McGary also argues that he should be excused from exhausting his double jeopardy claim because doing so would be futile in light of the Washington State Supreme Court's decision in *Stout* that civil commitment is not criminal in nature. This argument does not persuade us. *Stout* was not decided until 2007, more than a year after McGary filed his petition. We analyze exhaustion as of the time petitioner filed his petition, *Maass,* 11 F.3d at 915, and McGary could not have relied on *Stout* at that time to warrant an exemption from exhaustion because it was not yet decided. Thus, the district court did not

err and there exists no basis for reversal. We decline to expand McGary's COA regarding his argument that he was exempt from exhausting his double jeopardy claim.

For the foregoing reasons, we decline to expand McGary's COA in any respect, and we AFFIRM.

---

1. When a petition is dismissed without prejudice for failure to exhaust, a subsequent petition will not be considered a second or successive habeas corpus petition. *Slack v. McDaniel,* 529 U.S. 473, 488, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Additionally, although both parties at argument tentatively agreed that McGary is still within the AEDPA time frame and is free to file a new petition,

we take no position on whether McGary's AEDPA deadline has passed or whether he currently has the ability to file a new habeas corpus petition.

