**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD ROMERO,

          Petitioner - Appellant,

   v.

KELLY HARRINGTON, Warden,

          Respondent - Appellee.

No. 09-55170

D.C. No. 3:05-cv-01738-JM-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted June 6, 2011
Pasadena, California

Before: TROTT and RYMER, Circuit Judges, and BEISTLINE, Chief District
Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for Alaska, Anchorage, sitting by designation.

Richard Romero appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.

I

The district court did not err in dismissing the previously unexhausted claims because "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (quoting *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993)). Romero had two ways to have his previously unexhausted claims heard: seek a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), or exhaust the claims in state court and then amend his federal petition, the *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), procedure. He did not successfully pursue either.

II

The district court did not abuse its discretion in denying Romero's *Rhines* motion to stay the proceedings. As the district court stated, the proffered reasons were "ordinary and routine"—limited access to the prison library and difficulties

meeting the filing deadline—and do not constitute the "limited circumstances" under which a stay is appropriate. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting *Rhines*, 544 U.S. at 277)).

AFFIRMED